# U.S. DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KREUZIGER DRAINAGE, LLC<br>W7278 COUNTY ROAD J<br>JUNEAU, WI 53039<br>        Plaintiff,<br><br>v.<br><br>INTER-DRAIN SALES BV<br>MORSESTRAAT 43<br>4004 JP TIEL<br>NETHERLANDS<br><br>and<br><br>DANFOSS POWER SOLUTIONS<br>(US) COMPANY<br>2800 E. 13TH STREET<br>AMES, IA 50010<br>        Defendants. | Case No.: _____<br><br>Judge _____<br><br><br>COMPLAINT |

Plaintiff, Kreuziger Drainage, LLC, by its attorneys, Lakeside Legal Services, LLC and Jeremy Vanderloop, allege:

## PARTIES

1. Plaintiff, Kreuziger Drainage, LLC, ("Kreuziger") is a Wisconsin limited liability company with a principal place of business W7278 County Road J, Juneau, WI 53039.

2. Upon information and belief, defendant, Inter-Drain Sales BV ("Inter-Drain"), is a limited liability entity organized and existing under the laws of the Netherlands with a place of business located at 4004 JP Tiel, Netherlands.

3. Upon information and belief, defendant, Danfoss Power Solutions (US) company ("Danfoss Power"), is a corporation organized and existing under the laws of the state of Delaware with a place of business at 2800 E. 13th Street, Ames, IA 50010.

## JURISDICTION AND VENUE

4. Inter-Drain is a manufacturer of heavy drainage installation equipment and purposefully directs its activities toward residents of the state of Wisconsin by marketing its products for sale in the state of Wisconsin, online, through advertising materials, and through its network of authorized dealers and/or distributors.

5. Danfoss Power purposefully directed its activities toward residents of the state of Wisconsin including by marketing its products for sale in the state of Wisconsin online through advertising materials and through its network of authorized dealers and/or distributors.

6. Kreuziger is considered a citizen of the state of Wisconsin, Inter-Drain is considered a citizen of the Netherlands, Danfoss Power is considered to be a citizen of the states of Delaware and Iowa for the purpose of determining diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. The amount in controversy exceeds $75,000.00 and the statutory requirements for the diversity of citizenship set forth by 28 U.S.C. § 1332 are satisfied.

8. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) & (c)(2) as defendants are subject to the Court's personal jurisdiction in the Eastern District of Wisconsin and therefore are residents of that district for the purpose of determining venue.

9. Alternatively, venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred within that district.

## GENERAL ALLEGATIONS

10. Kreuziger operates its drainage business off of agricultural property located in the Town of Clyman in Dodge County, Wisconsin. In part, Kreuziger is responsible for maintaining proper drainage on that property.

11. As part of Kreuziger's operations, it performs trench digging for the purpose of installing drain tile for other farmers and landowners on a contract basis. Northland Trenching markets to Kreuziger and has previously sold him several pieces of equipment.

12. On or about October 12, 2015, Kreuziger received a proposal ("the Proposal") from Northland Trenching to purchase a new 2016 Inter-Drain 2050GP double-link plow ("the 2016 Inter-Drain"), with chassis number D16032 and motor number MCW09283. A true and correct copy of the Proposal is attached hereto as Exhibit A.

13. Northland Trenching proposed that Kreuziger purchase the 2016 Inter-Drain in part by trading in a used 1995 Inter-Drain 2030GP plow and selling on consignment a used 2012 2025 Inter-Drain trencher through Northland Trenching. Ex. A.

14. Kreuziger accepted the proposal for the purchase of the 2016 Inter-Drain.

15. After these trade-ins, the 2016 Inter-Drain was the only trench-digging plow Kreuziger owned.

16. Kreuziger took possession of the 2016 Inter-Drain in June of 2016.

17. An invoice dated June 20, 2016 shows that the total purchase price for the 2016 Inter-Drain, including upgrades, was $639,700. A true and correct copy of that invoice is attached hereto as Exhibit B.

18. The 2016 Inter-Drain 2050GP is a highly specialized piece of agricultural equipment that is designed and operated for the purpose of digging trenches for the installation of drain tiles and other underground drainage systems. It is further customized with GPS equipment.

19. Due to the nature of the work involved, digging of trenches for installation of drain tile can only take place during two approximately 60-day periods in late autumn/early winter, after the fall harvest season and early spring before the spring planting season. Digging cannot take place during the winter when the ground is frozen.

20. The 2016 Inter-Drain is powered by a diesel engine that in turn powers two hydraulic motors that drive two separately powered wheeled tracks situated on either side of the machine.

21. Upon information and belief, the hydraulic motors that drive the wheeled tracks in the 2016 Inter-Drain were manufactured by Danfoss Power in Iowa.

22. At the time Kreuziger took possession of the 2016 Inter-Drain in June 2016, the machine already had seven (7) hours on it.

23. On November 25, 2016, the left drive motor went out with 130 service hours on the machine.

24. On December 6, 2016, Northland Trenching came out to the field where the plow broke and replaced the left drive motor under warranty.

25. On December 7, 2016, Kreuziger drove the 2016 Inter-Drain approximately 1,000 feet before the right drive motor failed.

26. Kreuziger had the right drive motor replaced under warranty again by Northland Trenching so that the machine was functioning again on December 9, 2016.

27. On December 13, 2016, the replaced left drive motor failed.

28. Kreuziger spent the entire day on December 14, 2016 to move the 2016 Inter-Drain to a better location so it could be loaded onto a trailer.

29. Kreuziger spent most of the day on December 16, 2016 loading the 2016 Inter-Drain onto a trailer, blowing five (5) 15-amp fuses in the process.

30. Northland Trenching shipped the 2016 Inter-Drain to their dealership in Waseca, Minnesota to have both drive motors replaced under warranty.

31. Before Northland Trenching returned the machine to Kreuziger, they advised Kreuziger that they reduced the maximum operational speed of the 2016 Inter-Drain from 3.4 miles per hour (5.47 kilometers per hour) to 3.0 miles per hour (4.82 kilometers per hour), a more than 10% decrease in maximum speed, citing that running the 2016 Inter-Drain at maximum speed could cause the drive motors to fail.

32. The decrease in maximum speed caused Kreuziger to lose additional productive hours of work with the machine.

33. The decrease in maximum speed caused the 2016 Inter-Drain to accumulate more service hours than it would have if Kreuziger had been allowed to utilize the machine's top speed of 3.4 miles per hour.

34. Kreuziger received the 2016 Inter-Drain back on December 28, 2016, after both the left and right drive motors had been replaced and the entire hydraulic system had been cleaned.

35. By December 28, 2016, Kreuziger had lost a total of 34 days of productivity due to the failure of the left and right drive motors on the 2016 Inter-Drain.

36. Kreuziger was able to use the 2016 Inter-Drain from December 28, 2016 until January 3, 2017, at which point the ground was too frozen to continue plowing and they had to stop for the season.

37. Kreuziger again used the 2016 Inter-Drain during the 2017 and 2018 trenching seasons.

38. On March 26, 2019, with a total of 1041 service hours showing on the machine, the twice-replaced left drive motor again failed.

39. After the left drive motor failed for the third time, Kreuziger contacted Northland Trenching, who informed him that the machine was no longer under warranty and that he would have to contact SunSource Systems to arrange to have the left drive motor repaired or replaced at Kreuziger's sole expense.

### FIRST CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY
### (against Inter-Drain Sales BV)

40. The allegations contained in paragraphs 1-39 are hereby re-alleged and incorporated by reference as if set forth fully herein.

41. The service manual for the 2016 Inter-Drain contains the following express warranty:

> Inter-Drain Sales BV grants the first user the following warranty periods as of the date of delivery:
> - 12 months or 1000 working hours on all main components;
> - 3 months on all small components such as electrical valves, gauges, etc.

42. When the hours put on by Northland Trenching and idles hours are factored in, the 2016 Inter-Drain has less than 1000 working hours on it and therefore all main components remain under warranty.

43. Inter-Drain is liable under the terms of its express warranty to repair and/or replace all mechanical defects relating to the main components of the 2016 Inter-Drain including the hydraulic motors that have failed multiple times, or to refund Kreuziger the purchase price of the 2016 Inter-Drain or to furnish him with a non-defective replacement machine.

44. Inter-Drain is liable for Kreuziger's damages incurred as a result of its breach of its express warranty, including but not limited to lost profits and other consequential damages. The amount of such damages is calculated as $293,667.28 as set forth in the Expert Report of the VanderBloemen Group attached hereto as Exhibit C.

## SECOND CAUSE OF ACTION – BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND SUITABILITY FOR A PARTICULAR PURPOSE
### (against Inter-Drain Sales BV and Danfoss Power Solutions)

45. The allegations contained in paragraphs 1-44 are hereby re-alleged and incorporated by reference as if set forth fully herein.

46. Kreuziger purchased the 2016 Inter-Drain subject to an implied warranty of merchantability under which the machine was required to be reasonably fit for the general purpose for which it was sold, namely digging trenches.

47. Inter-Drain had reason to know that the 2016 Inter-Drain model 2050GP, including the one Kreuziger purchased, needed to be suitable for the particular purpose of digging trenches on agricultural properties for the purpose of installing drainage systems, including drain tiles, in the Northern Hemisphere.

48. Kreuziger purchased the 2016 Inter-Drain subject to an implied warranty of suitability for that particular purpose.

49. Inter-Drain Sales and Danfoss Power breached the warranties of merchantability and suitability for a particular purpose by providing a product that was not reasonably fit for its general purpose for which it was sold and that was not suited for the particular purpose of digging trenches on agricultural properties for the purpose of installing drainage systems, including drain tiles, in the Northern Hemisphere.

50.     Inter-Drain Sales and Danfoss Power are liable for Kreuziger's damages incurred as a result of its breach of these implied warranties, including but not limited to the purchase price of the 2016 Inter-Drain, lost profits and other consequential damages.

### THIRD CAUSE OF ACTION – NEGLIGENT DESIGN
### (against Inter-Drain Sales BV and Danfoss Power Solutions)

51.     The allegations contained in paragraphs 1-50 are hereby re-alleged and incorporated by reference as if set forth fully herein.

52.     Inter-Drain Sales and Danfoss Power had a duty to potential purchasers to exercise reasonable care in designing the 2016 Inter-Drain trench-digging plow including the one that Kreuziger purchased.

53.     Inter-Drain Sales and Danfoss Power breached their duty by designing a product that is unreasonably defective due to the following: hydraulic drive motors that fail repeatedly, GPS system failed, electrical system failed, air conditioning failed, and excessive paint deterioration and rust.

54.     Inter-Drain Sales and Danfoss Power are liable for Kreuziger's damages incurred as a result of the negligent design of the 2016 Inter-Drain, including but not limited to the purchase price of the 2016 Inter-Drain, lost profits and other consequential damages.

**WHEREFORE,** plaintiff demands judgment as follows:

A.     A judgment against defendants in the amount of $293,667.28, or an amount sufficient to compensate plaintiff for its damages, in an amount to be determined at trial;

B.     Plaintiff's costs, disbursements, and attorney's fees as allowed by law; and

C.     Any other and further relief that the Court deems just and equitable.

Dated this 3rd day of August, 2021.

                                                    /s/ Jeremy Vanderloop
                                                    Jeremy Vanderloop
                                                    WI State Bar No. 1058340
                                                    Attorney for Plaintiff
                                                    LAKESIDE LEGAL SERVICES, LLC
                                                    79 N. Pioneer Rd.
                                                    Fond du Lac, WI, 54935
                                                    T: 920.921.2300
                                                    F: 920.921.2300
                                                    jvanderloop@lakesidelegal.net

**PLAINTIFF HEREBY DEMANDS A JURY OF TWELVE (12).**