UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KREUZIGER DRAINAGE LLC,

        Plaintiff,

    v.                                                Case No. 21-cv-0908-bhl

INTER-DRAIN SALES BV, et al,

        Defendants.

## ORDER DENYING THE MOTION TO DISMISS

        In the pending motion to dismiss, Defendant Inter-Drain Sales BV (Inter-Drain) insists that, as a Netherlands corporation, it cannot be haled into federal court in Wisconsin. Because the complaint sufficiently alleges that Inter-Drain is subject to this Court's personal jurisdiction, the motion will be denied.

### FACTUAL BACKGROUND

        Inter-Drain is a limited liability entity organized and existing under the laws of the Netherlands with its principal place of business in the Netherlands. (ECF No. 1 at 1.) Northland Trenching Equipment (Northland) is one of Inter-Drain's two independent and non-exclusive dealers in the United States. (ECF No. 12-1 at 2.) Northland is located in Minnesota, while Inter-Drain's other dealer is located in Ohio. (*Id.*) Kreuziger Drainage, LLC (Kreuziger) is a Wisconsin limited liability company with its principal place of business in Juneau, Wisconsin. (ECF No. 1 at 1.) Part of Kreuziger's business involves installing drain tile for farmers and landowners. (*Id.* at 3.) To accomplish this, it uses trench-digging plows like those Inter-Drain manufactures. (*Id.*) In October 2015, Kreuziger accepted Northland's offer to discount a new 2016 Inter-Drain 2050GP double-link plow if Kreuziger traded in a used 1995 Inter-Drain 2030GP plow and sold a different used plow on consignment. (*Id.*) According to Kreuziger, the new plow routinely malfunctioned, forming the basis for the claims in this case. (*Id.* at 4-9.)

**LEGAL STANDARD**

Inter-Drain seeks dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2) governs a defendant's challenge to a federal court's ability to hear a case for lack of personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). Under the rule, unless the plaintiff can demonstrate that such jurisdiction exists, the case must be dismissed. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If the defendant submits "affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the existence of jurisdiction." *Id.* at 783. But the Court should construe conflicting affidavits in the plaintiff's favor. *Id.* at 782. Because Kreuziger has established that personal jurisdiction exists, the motion will be denied.

**ANALYSIS**

**I.    Inter-Drain Is Subject to Personal Jurisdiction in This Forum.**

Where, as here, no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Wisconsin's long-arm statute, Wis. Stat. § 801.05, has been interpreted to confer jurisdiction 'to the fullest extent allowed under the due process clause.'" *Id.* at 678 (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)). That means, so long as this Court's exercise of personal jurisdiction would comport with the Fourteenth Amendment's Due Process clause, jurisdiction is properly established. *Id.* ("Once the requirements of due process are satisfied, then there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process.").

Personal jurisdiction comports with Fourteenth Amendment due process if it is established either generally or specifically. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction exists where the defendant is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). An incorporated business entity is at home in its state of incorporation and the location of its principal place of business, usually its headquarters. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945). The parties do not dispute that general jurisdiction does not apply in this case because Inter-Drain is a Netherlands corporation headquartered in the Netherlands. (*See* ECF No. 14.)

Specific jurisdiction exists where the defendant has sufficient contacts with the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). There are three essential requirements here: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (internal citations omitted). Kreuziger asserts that the Court can exercise specific personal jurisdiction over Inter-Drain, while Inter-Drain argues that would be improper.

First described in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), the so-called "stream of commerce" theory is one method by which a plaintiff may satisfy the purposeful availment element. *See J.S.T. Corp. v. Foxconn Interconnect Tech., Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). Under the stream of commerce theory, a "forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *World-Wide Volkswagen*, 444 U.S. at 297-98. The Seventh Circuit "is among those that apply the stream of commerce theory in products liability cases." *J.S.T.*, 965 F.3d at 575. Therefore, a defendant may be subject to specific jurisdiction in this Court if it "delivers products into a stream of commerce, originating outside the forum state, with the awareness or expectation that some of the products will be purchased in the forum state[.]" *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004).

The dispositive question is whether Inter-Drain delivered its products into the stream of commerce with the awareness or expectation that some of those products would be purchased in Wisconsin. The Seventh Circuit confronted the same question in *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660 (7th Cir. 1986). There, two out-of-state fireworks manufacturers challenged personal jurisdiction in the Eastern District of Wisconsin. *Id.* at 662. Just like Inter-Drain, the *Giotis* defendants did not ship any of their products directly to Wisconsin. *Id.* at 668. In fact, as with the present case, in *Giotis*, the offending products only arrived in Wisconsin after the plaintiff bought them from an interim distributor in Minnesota and unilaterally transported them across state lines. *Id.* And the *Giotis* defendants, like Inter-Drain, knew that the interim distributor advertised in other forums such as Wisconsin. *Id.* at 667. On this eerily similar fact pattern, the Seventh Circuit found purposeful availment satisfied. *Id.* at 668 ("A seller at the head of a

distribution network . . . satisfies the requisite foreseeability of due process where it 'delivers its products into the stream of commerce with the expectation that these products will be purchased by consumers in the forum state.'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)). "Such a seller, because of intervening levels of distribution, may not have mentally formed a purpose to sell its products to the particular individual buyer who is suing it, but the seller surely has purposefully chosen to sell generally to buyers in the forum state and reaps the economic benefit of doing so." *Id.* The Court refused to allow the fireworks manufacturers to disclaim the obvious downstream effects of their actions only when it became convenient. *Id.* at 668 ("The defendants, being upstream from [the interim distributor] in the distribution chain, derived the same economic benefits from [the interim distributor's] wide scope of sales efforts as [the interim distributor] did."). In other words, the Court held that a manufacturer cannot knowingly profit from the breadth of a distributor's market and then deny connection to that market for purposes of liability. Yet that is exactly what Inter-Drain seeks to do. It knew the regional scope of Northland's sales efforts and reaped the benefits of those efforts. (ECF No. 15 at 2.) It therefore purposefully availed itself of the Wisconsin market.

With purposeful availment satisfied, Kreuziger must now demonstrate that its alleged injury arose from Inter-Drain's forum-related activities. In products liability suits like this one, the causal connection is easily satisfied. As the Seventh Circuit has noted, in the context of products liability suits, "downstream sales . . . bear on 'the relationship among the defendant, the forum, and the *litigation*.'" *J.S.T.*, 965 F.3d at 576 (quoting *Walden*, 571 U.S. at 284). "Thus, when a defendant takes steps to reach consumers in a forum state, it has created a relationship with the forum state that has special relevance to the litigation at issue." *Id.* It might be helpful to contrast this case with *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773 (2017). In that case, the plaintiffs were a group of consumers who had purchased the defendant's products in other states, suffered injuries in those other states, and then attempted to sue the defendant in California on the grounds that the defendant also sold the allegedly harmful products there. *Id.* at 1777. The Court held that there was no connection between the defendant's forum-related activities and the injuries alleged; those injuries occurred outside of California. By contrast, Inter-Drain's allegedly defective product harmed Kreuziger in Wisconsin, the state where it filed its lawsuit. Thus, the logic of *J.S.T.* applies, and the causal element is satisfied.

All that remains is for Kreuziger to prove that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. In determining the fairness of exercising jurisdiction, Courts consider factors like "'the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.'" *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (quoting *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 113 (1987)). The Court "'must also weigh . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'" *Id.*

In *Giotis*, the Seventh Circuit found the exercise of personal jurisdiction comported with fairness and justice because the allegedly defective product was used in Wisconsin, the defects surfaced in Wisconsin, a Wisconsin resident was injured, and Wisconsin had a compelling interest in regulating the conduct of manufacturers that expose Wisconsin residents to the hazards of defective products. *Giotis*, 800 F.2d at 668. On the other hand, the Supreme Court in *Asahi* noted that the burden on the defendant was severe where it would have to defend itself in a foreign land, subject to a foreign legal system. *Asahi*, 480 U.S. at 114. But the Court went on to state that "[w]hen minimum contacts have been established, often the interest of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Id.* The problem in *Asahi* was that the only remaining plaintiff in the case was a Taiwanese corporation, and the only defendant was Japanese. *Id.* As a result, California had no legitimate interest in resolving the dispute. *Id.* That is not an issue in this case where the plaintiff is a Wisconsin resident whose claims arise from defects that first arose while the allegedly defective product was being used in Wisconsin. And this is not a case where the quality and nature of the interstate transaction is "so random, fortuitous, or attenuated that it cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court'[.]" *Burger King*, 471 U.S. at 486 (quoting *World-Wide Volkswagen*, 444 U.S. at 297). At the very least, Inter-Drain knew it could be subject to suit in Minnesota and Ohio where it sells directly to dealers. It is not outrageous to suggest that it should have anticipated suit in a state that borders Minnesota and where its authorized dealers advertise.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Inter-Drain's motion to dismiss under Fed. R. Civ. P. 12(b)(2) (ECF No. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin on April 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge